IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN K. BOULB, #04808-025,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-01365-JPG |
| | ) |
| **STEVEN R. WELBY,** | ) |
| **ROBERT PALMER,** | ) |
| **TODD REID, and USA,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Brian K. Boulb's First Amended Complaint (Doc. 11). Boulb brings this action against Defendants United States, Steven Welby, Robert Palmer, and Todd Reid under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Boulb challenges his conviction and/or sentence as a career offender in a criminal case involving the defendants.[1] He claims that Defendants violated "[e]very constitutional right" he had in the process of presiding over, prosecuting, and/or defending him in the case. He requests the appointment of counsel and a jury trial. *Id*.

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. §§ 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Boulb does not disclose the case name or number in the First Amended Complaint. The Court has reviewed public records and identified the likely case as *United States v. Boulb*, No. 4:12-cr-40097-JPG (S.D. Ill. 2012). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1

Boulb's amended complaint does not survive screening as an FTCA claim under 28 U.S.C. § 1915A. The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b). Therefore, the FTCA claim shall be dismissed against Defendants Welby, Palmer, and Reid because these individuals are not subject to suit under the FTCA. Although the United States is named as a defendant, the FTCA provides no avenue to relief for an inmate who wishes to challenge his conviction or sentence in a criminal case.[2]

The Seventh Circuit Court of Appeals makes it clear that "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted). Thus, to the extent Boulb challenges his sentence as a career offender in this District, the amended complaint *is* a § 2255 motion.

This is not the first time Boulb has brought a § 2255 motion. *See, e.g., also Boulb v. United States*, No. 14-737-JPG (S.D. Ill. dismissed Feb. 6, 2015), *aff'd* 818 F.3d 334 (7th Cir. 2016); *Boulb v. United States*, No. 23-198-JPG (S.D. Ill., dismissed Jan. 25, 2023); *Boulb v. United States*, No. 24-2684-JPG (S.D. Ill. dismissed April 9, 2025). The First Amended Complaint constitutes a successive

---

[2] Federal prisoners may challenge a conviction or sentence in a direct appeal of the criminal case, a motion filed under 28 U.S.C. § 2255 in the sentencing court, or a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 in the federal judicial district where they are in custody.

petition under the rule of *Gonzalez*, which provides that a post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made a certification,[3] so the Court lacks jurisdiction to consider the motion.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) is **DISMISSED** with prejudice for failure to state a claim against Defendants under the Federal Tort Claims Act and 28 U.S.C. 1915A. Further, the Court lacks jurisdiction to consider this challenge to Boulb's 2013 sentence in 12-cr-40097-JPG under 28 U.S.C. § 2255 and **DISMISSES** it for **lack of jurisdiction**. Boulb's Motion for Recruitment of Counsel (Doc. 12) is **TERMINATED**.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 20, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[3] On the contrary, the Court of Appeals denied Boulb leave to file a second or successive petition on at least four other occasions. *See Boulb v. United States*, No. 17-2588 (7th Cir. Aug. 10, 2017); No. 17-3384 (7th Cir. Dec. 7, 2017); No. 22-1307 (7th Cir. March 10, 2022); No. 22-2263 (7th Cir. July 22, 2022). This Court also denied four other § 2255 motions because Boulb lacked permission to file them. *See Boulb v. United States*, Case No. 23-cv-198-JPG (S.D. Ill.) (Doc. 2) (citing cases).